

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50098 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-04514-BEN-8 |
| v. | |
| GEORGE GARIBAY, AKA Scooby, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted January 11, 2017
Pasadena, California

Before: KOZINSKI and WATFORD, Circuit Judges, and BENNETT,** District
Judge.

We reject George Garibay's contention that attempted murder under

California law is not a "crime of violence" for the purposes of the Sentencing

Guidelines' career offender provision. U.S.S.G. § 4B1.1 (2015). The commentary

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

to the "crime of violence" definition in § 4B1.2 lists attempted murder among the enumerated offenses that qualify as crimes of violence.

The kill zone theory does not render attempted murder under California law broader than the generic form of the offense. The elements of both the California and the generic form of attempted murder include a specific intent to kill. *See Braxton v. United States*, 500 U.S. 344, 351 n.* (1991); *People v. Stone*, 205 P.3d 272, 275 (Cal. 2009); *cf. United States v. Albino-Loe*, 747 F.3d 1206, 1214 (9th Cir. 2014). The kill zone theory does not allow for an attempted murder conviction in the absence of that mental state requirement. Rather, it merely explains that when a defendant chooses a method of killing that creates a zone of fatal danger, the jury may infer that the defendant intended to kill an alleged victim in that zone. *Stone*, 205 P.3d at 276–78. Garibay has failed to identify a single jurisdiction rejecting this inference or an application of California's kill zone theory that criminalized conduct as attempted murder that most jurisdictions would not.

**AFFIRMED.**